well considered both in Welch v. Cook, supra, and in Louisville Water Co. v. Clark, supra.

The plaintiff's practical criticism is that the state will receive all the benefits originally derived from the institution, and yet be relieved of its obligation of exemption. It is, of course, true that whatever benefits such an institution may confer upon certain inhabitants of the state —and doubtless they are many—will still be conferred so long as the institution continues; even if this exemption from local taxation be withdrawn. On the other hand, it may be said that the state has deemed it wise to place this and all similar institutions on equality in their immunity from taxation, and to this end has enacted subdivision 7, § 4, of the tax law (Laws 1896, p. 797, c. 908). Equality in immunity would seem to be as sound a policy as equality in impost, and the formulation of a general rule which assures that equality is wiser than unequal and specific exemptions. However, it is not for the courts to pass upon legislative policies so long as the legislation does not offend the law. It does not in this case, because the reserved power to alter and to amend, which existed when the charter was given, and which is regarded as read into the charter, eliminates the element of an irrevocable contract. As a result, this particular property is no longer exempt, and the plaintiff's immunity from taxation is afforded only by the general law. This particular property is not exempt under that general law (subdivision 7, § 4, Tax Law [Laws 1896, p. 797, c. 908]), for, although the profits are applied to the purposes of the plaintiff, the property is not of the foundation of the institution, but is leased out to individuals, and presumably for totally foreign purposes. People ex rel. Young Men's Ass'n v. Sayles, 32 App. Div. 197, 53 N. Y. Supp. 67, affirmed on opinion below, 157 N. Y. 677, 51 N. E. 1092.

The judgment should be affirmed, with costs. All concur.

---

(99 App. Div. 568.)

### WEISEL v. OLD DOMINION S. S. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. MUNICIPAL COURT—JURISDICTION—ACTION ON JUDGMENT.

    Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, provides that, where execution shall have been returned unsatisfied on a judgment recovered for necessaries, etc., the court, on proper showing, must order an execution against the wages, earnings, etc., of the judgment debtor, and that if, on presentation of such execution, the person from whom such wages, etc., are owing, shall fail to pay the same, he shall be liable to an action by the judgment creditor. Municipal Court Act (Laws 1902, p. 1488, c. 580) § 1, subd. 6, provides that the Municipal Court shall have jurisdiction of an action on a judgment rendered in any court not being a court of record, and section 10, subd. 1, gives the Municipal Court jurisdiction of an action to foreclose a lien on a chattel for a sum of money. *Held*, that the Municipal Court has no jurisdiction of an action under Code Civ. Proc. § 1391, as amended, where the judgment against the original debtor was rendered in the Supreme Court.

Appeal from Municipal Court.

Action by Martin P. Weisel against the Old Dominion Steamship Company. From a judgment sustaining a demurrer and dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Henry E. Nelson and A. P. Bates, for appellant.

J. P. Wilson, for respondent.

JENKS, J. One question raised by the demurrer is whether the Municipal Court has jurisdiction of an action authorized by section 1391 of the Code of Civil Procedure, as amended by chapter 461, p. 1071, of the Laws of 1903, when the judgment was recovered in the Supreme Court. The Municipal Court has not jurisdiction of an action upon a judgment of the Supreme Court, for the reason that its jurisdiction is extended only to an action upon a judgment rendered in any court not being a court of record. Section 1, subd. 6, Municipal Court Act (Laws 1902, p. 1488, c. 580). I think that the action authorized by section 1391 of the Code of Civil Procedure should be regarded as an action upon a judgment.

The amendment to section 1391 is contained in article 1, tit. 2, c. 8, relating to execution, and it is evident that the Legislature thought that the remedy was logically placed under the head of proceedings in furtherance of judgments. The remedy is available only to a judgment creditor, and it is based upon a failure or refusal of the debtor of the judgment debtor to satisfy the execution to the extent of his obligation to the judgment debtor. The penalty of such failure or refusal is an action against him by the judgment creditor. If the presentation of the execution is sufficient to require the payment, it would seem that the action which then is authorized upon failure or refusal to pay is in furtherance of the collection, and logically is based upon the judgment and the execution, which is but its creature. It seems illogical that the action, which is to enforce a demand based on the execution, should not also be based upon the execution, and consequently upon the judgment. If the judgment creditor cannot proceed upon the judgment, then he, like any ordinary claimant, is bound to establish the liability de novo. It would follow that, despite the judgment directly obtained against the debtor, the creditor must again establish that cause of action against a third party before he can reach money which belongs to the judgment debtor. The remedy is plainly intended to be in furtherance of the collection of judgments in cases when a peculiar hardship exists and money available to satisfy a judgment is in the hands of a third party. Thus it is based upon the judgment and the execution. Any other construction would defeat the purpose, and there is no sound reason for it. And, further, such an action is not to foreclose a lien upon a chattel under section 1, subd. 10, of the Municipal Court Act (Laws 1902, p. 1488, c. 580). Even if the term "chattel," as used in the context, were generic enough to include the money in question—which is open to debate—there is no lien. "A lien is the right of one to retain property in his possession belonging to another, until certain demands of him in possession are satisfied." Jordan v. National Shoe & Leather Bank, 74 N. Y. 467, 473, 30 Am. Rep. 319. A right to prior payment is not in itself a lien. Am. & Eng. Ency. of Law, vol. 19, p. 6, citing authorities.

The judgment should be affirmed.

Interlocutory judgment of the Municipal Court affirmed, with costs. All concur.