(52 Misc. Rep. 485)

### CARPENTER v. PIRNER.

(Supreme Court, Appellate Term. January 28, 1907.)

COURTS—MUNICIPAL COURTS—PLEADING—MOTION IN NATURE OF DEMURRER —RIGHT TO PLEAD OVER.

     Under Municipal Court Act, Laws 1902, p. 1562, c. 580, § 249 (2), providing that the action must be dismissed on the merits "where the court sustains a demurrer, and no leave to plead over is granted, as provided in this act," and Id. p. 1536, § 145 (4), providing that, where a demurrer

is well founded, the court "must permit the pleading to be amended," where a motion to dismiss the complaint on the ground that it did not state a cause of action is sustained, plaintiff must be granted leave to serve an amended complaint; the motion being equivalent to a demurrer.

Appeal from Municipal Court, Borough of the Bronx, First District.
Action by Achilles Carpenter against Frank W. Pirner. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before BLANCHARD, DAYTON and GILDER-SLEEVE, JJ.

Wheeler, Cortis & Haight (H. M. Hewitt, of counsel), for appellant.
Langbein & Langbein, for respondent.

GILDERSLEEVE, J. In this case the defendant interposed a demurrer to the complaint, which was sustained, and leave was given to the plaintiff to serve an amended complaint, which was done. The defendant thereupon filed an answer, and the case was set down for trial. Upon the day set for trial, and before any testimony was taken, defendant moved to dismiss the amended complaint, upon the ground that it did not contain facts sufficient to constitute a cause of action. Decision on this motion was reserved until May 15, 1906, at which time the justice indorsed upon the record the words: "Demurrer sustained. Action dismissed, with costs." Judgment was thereupon entered in favor of the defendant, from which judgment plaintiff appeals.

There seems to be no express provision in the Municipal Court act permitting the defendant to test the sufficiency of a complaint, upon the question as to whether or not it states facts sufficient to constitute a cause of action, other than by demurrer or answer. It has been held, however, that such a motion may be made and entertained. Morris v. Hunken, 40 App. Div. 129, 57 N. Y. Supp. 712. Subdivision 2 of section 249 (Laws 1902, p. 1562, c. 580) provides that the action must be dismissed upon the merits "where the court sustains a demurrer, and no leave to plead over is granted, as provided in this act." Nowhere in the act, however, is there any situation pointed out in which leave to "plead over" may be refused; and in subdivision 4 of section 145 (page 1536) it is plainly and explicitly provided that where a demurrer is well founded the court "must permit the pleading to be amended." A motion to dismiss the complaint is therefore equivalent to a demurrer (Rogers v. Fine [Sup.] 97 N. Y. Supp. 1004), and leave to serve an amended pleading must be granted when such a motion is sustained (Rogers v. Fine, supra). The plaintiff was not given leave to plead after the decision of the motion, and the judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.