SWING v. KAUFMAN et al.

(Supreme Court, Appellate Term.  March 5, 1909.)

1. INSURANCE (§ 112*)—AGENCY—RATIFICATION.
    Where insured accepted for return of unearned premium the check of a person assuming to act as his agent, such agency was ratified.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 112.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INSURANCE (§ 69*)—MUTUAL COMPANIES—DISSOLUTION—LIABILITY OF MEM-
BERS.
   The acceptance of a policy of insurance issued by a mutual company
organized under the laws of Ohio makes insured a member of the com-
.pany, and he is concluded by the proceedings in that state dissolving the
company and fixing the liabilities of the members.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 69.*]

3. COURTS (§ 188*)—MUNICIPAL COURT OF NEW YORK—JURISDICTION.
   Under the direct provisions of Municipal Court Act (Laws 1902, p.
1488, c. 580) § 1, subd. 6, that court has no jurisdiction of an action on a
judgment of a court of record.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

. Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by James B. Swing, as trustee of .the creditors and stock-
holders of the Union Mutual Fire Insurance Company of Cincinnati,
against Charles Kaufman and William Strauss. From a judgment for
plaintiff for $103.56, defendants .appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAY-
TON, JJ.

S. A. Lowenstein, for appellants.
Baggott & Ryall, for respondent.

DAYTON, J. Plaintiff, as trustee for the creditors and stockhold-
ers of an insolvent mutual fire insurance company of Ohio, sued to re-
cover $64.91 and interest from June 11, 1901, as the proper assessment
for which the firm of Kaufman & Strauss became liable under a de-
cree of the Supreme Court of Ohio, dated December 18, 1891, dis-
solving said corporation and appointing plaintiff trustee; said assess-
ment being the .just proportion of said firm for the losses and expens-
es of said company during the period that said firm held its policy up-
on their property, to wit, $3,000, from April 17, 1890, to August 8,
1890—four months. The annual premium was $43.50. The statutes
of Ohio provide that every insured person in a mutual company be-
comes a member thereof during the period of insurance and bound to
pay for accruing losses and expenses "in proportion to the original
amount of his deposit note or contingent liability." It is claimed that
this statute, followed by said judgment, entitled plaintiff to recover
notwithstanding the fact that Kaufman & Strauss were not eo nomine
parties by service or otherwise to the insolvency proceedings.

The complaint alleged that policy 4,358 was issued to and accepted
by said firm. The evidence is that William Strauss died in 1888, two
years before the alleged policy was issued. The policy is stamped as
follows: "This policy has been legally effected by L. Joseph, licensed
insurance agent, 39 Broad street, N. Y."—and expired by its terms
May 1, 1901. It was undisputed that "Mr. Joseph" sent his check,
$36.16, for the net premium on June 27, 1890, and that on August 7,
1890, returned the policy for cancellation and requested that the re-
turn premium be sent to him. ' The company shortly thereafter for-
warded the return premium, $20.88, to L. Joseph, who signed there-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for as follows: "Kaufman & Strauss, per L. Joseph." The testimony was that "L." Joseph died in 1888, and that Solomon Joseph, his son, succeeded to the business, and (the fair inference is) continued the name, "L. Joseph"; for the check of the insurance company for $20.88 return premium was deposited by Kaufman & Strauss in its account in the Chemical National Bank about August 24, 1890. Thus the agency of "L. Joseph" in the issuance of the policy is established by ratification. Plaintiff proved that a notice of the assessment claimed (Exhibit 11) was duly mailed to the defendants December 10, 1906, with a printed address on the envelope, postage prepaid, and was not returned.

Appellant urges plaintiff's failure to prove insolvency of the company, the amount or method by which the deficiency was arrived at, the failure by competent evidence to show his appointment as receiver, and the decree for the assessment; also that plaintiff's remedy is provided by the laws of Ohio and cannot be enforced in this state. The acceptance of the policy made the insured members of the company with all the obligations thus assumed, and they were concluded by the Ohio proceedings, which resulted in its adjudicated dissolution and their liability which followed. The proof was sufficient to show the regularity of those proceedings actually and presumptively. The weight of authority seems to hold that the courts of record of this state have jurisdiction to enforce this claim.

The objection that the Municipal Court is without jurisdiction herein is well founded. The respondent argues that the amount claimed is a computation sought to be recovered in the nature of an account, and not a personal judgment. The difficulty, however, is that this obligation fixed upon the defendants was by the adjudication of an Ohio court of record, after consideration of proofs, and it is for the sum so adjudicated that the plaintiff sues. Section 1, subd. 6, of the Municipal Court act (Laws 1902, p. 1488, c. 580), expressly prohibits actions in that court upon judgments of a court of record. Muttart v. Muttart (Sup.) 93 N. Y. Supp. 468; Weisel v. Old Dominion S. S. Co., 99 App. Div. 568, 91 N. Y. Supp. 140.

The judgment must therefore be reversed, and the complaint dismissed, with costs. All concur.