(71 Misc. Rep. 25.)

### VAN WIE v. DELAWARE & HUDSON CO.

(Supreme Court, Special Term, Albany County.  February 7, 1911.)

1. COURTS (§ 472*)—ACTIONS IN AID OF EXECUTION—JURISDICTION OF COURTS.
   Code Civ. Proc. § 1391, provides that a judgment creditor holding an unsatisfied execution may have an order for an execution against the wages of the debtor, and, if the proportion of the wages of the debtor, directed by the order, be not paid, the judgment creditor may sue the person from whom such proportion is due to recover the same.  *Held,* that such an action was properly brought in the Supreme Court, though the original judgment against the debtor was recovered in the county court.
   
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 472.*]

2. EXECUTION (§ 403*)—ACTION IN AID OF EXECUTION—PARTIES.
   In such an action, the judgment debtor is not a necessary party defendant; Code Civ. Proc. § 1871, relating to discovery being inapplicable.
   
   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1134; Dec. Dig. § 403.*]

3. EXECUTION (§ 403*)—ACTION IN AID OF EXECUTION—COMPLAINT.
   In such an action the complaint need not allege that no other or prior execution is outstanding, the order of the court directing the issue of an execution against wages being a ·determination by the court, which by Code Civ. Proc. § 532, may be alleged to have been made without stating the facts conferring jurisdiction, the existence of another execution being a fact which under the express provisions of the statute would deprive the court of jurisdiction to order the execution against wages to issue.
   
   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1132; Dec. Dig. § 403.*]

Action by William Van Wie against the Delaware & Hudson Company.  On demurrer to complaint.  Demurrer overruled, with leave to plead over.

Clarence G. Hotaling, for plaintiff.
John E. McLean, for defendant.

RUDD, J.  The issue here arises under a demurrer made by defendant to the complaint.  This action is brought to recover the sum of $72.23, the unsatisfied amount under an execution issued against the defendant under section 1391 of the Code of Civil Procedure, together with the sum of $5.05, the amount paid the sheriff of the county of Albany for his fees in the presentation and service upon the defendant of the execution and papers accompanying the same.

The execution was issued to garnishee the wages earned by Nelson B. Isdell, who was formerly in the employ of the defendant.  The defendant demurs upon the following grounds:

(1) That the court has not jurisdiction of the subject of the action.

(2) That there is a defect of parties defendant.

(3) That the complaint does not state facts sufficient to constitute a cause of action.

The first ground of defendant's demurrer, which goes to the jurisdiction of the court, is based upon the theory that this action is one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought in aid of the original judgment, and that, therefore, the action should not be brought in this court, but should have been brought in the court in which the original judgment was entered; that is, the county court. The defendant sustains its contention by relying upon Weisel v. Old Dominion Steamship Co., 99 App. Div. 568, 91 N. Y. Supp. 140. That case was one brought under this section of the Code of Civil Procedure against a person indebted to a judgment debtor because of the failure of such person to satisfy an execution issued under the said section to the extent of his obligation to the judgment debtor, and the court held that because the original judgment was recovered in the Supreme Court the Municipal Court of the city of New York did not have jurisdiction of an action similar to the one here pending.

Judge Jenks said:

"The Municipal Court has not jurisdiction of an action upon a judgment of the Supreme Court for the reason that its jurisdiction is extended only to an action upon a judgment rendered in any court, not being a court of record."

Weisel v. Old Dominion Steamship Co. was referred to in Swing v. Kaufman, 115 N. Y. Supp. 143, and there the court said:

"Section 1, subd. 6, Municipal Court Act (Laws 1902, c. 580), expressly prohibits actions in that court upon judgments of a court of record."

I do not think that Weisel v. Old Dominion Steamship Co. is controlling.

The section of the Code of Civil Procedure (1391), under which this action is brought, says:

"If such person or corporation, municipal or otherwise, to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied towards the payment of said execution."

The law does not say that an action may be brought upon the judgment originally entered or upon the execution, but it makes apparently, but clearly to my mind, a distinct, separate, and new cause of action against the person or corporation, who admittedly having money earned as wages by a judgment debtor, neglects or refuses to pay over the percentage which under the law the person or corporation should pay over. In this case a judgment was entered in the county court. There seems to be no question as to the regularity of the judgment, or of the execution issued thereunder. Every step in the proceeding seems to have been properly taken. For reasons best known to itself, the defendant refused or neglected to pay.

All remedies being exhausted, the plaintiff now seeks the remedy which is clearly given under the Code. He has a cause of action. He brings his cause of action in this court. This court has general jurisdiction in law and equity, and it seems clearly as if the subject of this action was one in which the court did have jurisdiction. There seems to be no provision of the statute which requires the judgment debtor to be made a party defendant, and section 1871 is not con-

trolling. That section permits an action to be brought by a judgment creditor against the judgment debtor, or any other person, to compel the discovery of anything in action, or other property belonging to the judgment debtor, and to prevent the transfer thereof. That is not this case. Here there has been a determination. It has been found by a judgment of the court that there was money earned by the judgment debtor, due from the defendant here, which under the law should be applied in certain percentage to the payment of the debt which the judgment debtor owed, and an execution issued under such judgment was served upon the defendant the Delaware & Hudson Company, and, when that company failed or neglected to pay the amount which it should have paid, then, under section 1391, the Code gave a right of action against the Delaware & Hudson Company. Therefore defendant's second ground of demurrer is untenable.

The defendant endeavors to sustain the third ground of demurrer, which is that the complaint does not state facts sufficient to constitute a cause of action, for the reason that the complaint does not allege that no other or prior execution is outstanding. The allegation of the complaint with reference to the order made by the Albany county judge, which order directed the issuance of an execution for the collection of the amount of said judgment then unpaid against the wages, debts, earnings, and salary of Isdell, is that on or about the 10th day of March, 1908, upon due proceedings had, and in accordance with the statutes of the state in such case made and provided, an order was duly made by the county judge. The county judge's order was a determination, and under section 532 of the Code of Civil Procedure in pleading a judgment or other determination of a court it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made. If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction. So here, if by answer the defendant raises the issue that the county judge did not have jurisdiction when he made the order, and he would not have had such jurisdiction had there been any other special or prior execution outstanding, then the plaintiff must sustain the allegation that he makes in the complaint now under consideration with reference to an order having been duly made. The authority of Rosenstock v. City of New York, 97 App. Div. 337, 89 N. Y. Supp. 948, is not, in my opinion, controlling, for the reason that it does not appear in the opinion of the learned justice that there was an allegation in the complaint similar to the one here under consideration. It must be assumed that if the pleading in the Rosenstock Case had conformed, as the complaint here does, to section 532 of the Code of Civil Procedure, that the decision would have been otherwise. That is a fair presumption, and such a conclusion necessarily leads to simplicity of pleading.

It would seem entirely unnecessary after an application has been made in due and proper form under the law to the county judge, which application, if duly made, must have shown that there was no prior or special execution outstanding, that it would be necessary

in the complaint here in a cause of action specially given by the Code to again allege in detail all of the steps which were taken, or conditions existing prior to or at the time the application for the execution was made to the county judge.

This is particularly so where in view of the pleading which is to the effect that the application was duly made, and the order was duly granted, that, if that allegation is controverted by the defendant, then an issue is raised which the plaintiff must sustain, and for the reasons briefly outlined an order may be entered overruling the demurrer, with leave to the defendant to plead over, upon the payment of the taxable costs to this time.