terclaim of about $3,200. Defendants do not appeal. We are therefore only concerned with the counterclaim which the jury allowed. Defendant company, under the former name of the S. & V. Motor Company, made a contract on July 5, 1910, to act as selling agent for plaintiff in Brooklyn. This contract ran until June 30, 1911. The name was afterwards changed, or a successor company incorporated under the name of the White Motor Company, which took over the business and obligations of the S. & V. Motor Company. On July 31, 1911, this contract was renewed for another year, by a letter, which referred for its terms to forms of contracts used by plaintiff, which differed in no material part from the first contract. In October, 1911, the notes in suit were given, becoming due in December. They were not paid. Plaintiff, being dissatisfied with defendant's management of the business, terminated the contract on April 1, 1912. The counterclaim which has been allowed is for a 20 per cent. commission on six taxicabs sold by plaintiff direct to a Brooklyn Company, the defendant claiming and the court holding that, if these sales were actually made before April 1, 1912, defendant was entitled to the commission.

[1-3] I think the judgment is wrong on two grounds: First. The only evidence in the case as to the sale of the cabs is that they were sold after April 1, 1912. It is mere guesswork that they were in fact sold earlier. Second. There is nothing in the contract which forbids plaintiff to make sales in Brooklyn, or which gives defendant the right to a commission on sales made in Brooklyn. The only clause in the contract bearing on the subject is an undertaking on the part of plaintiff "to establish no other dealer in the city of Brooklyn during the continuance of this contract." This does not forbid them to make sales themselves. There is some evidence of an oral agreement to allow defendant commissions on sales made by plaintiff in Brooklyn, but this cannot control or vary the written contract.

The judgment appealed from must be reversed and judgment directed for the plaintiff for the amount of the note and interest, with costs to appellant. All concur.

---

KEVE v. COLUMBIA KID HAIR CURLERS MFG. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION.

   Plaintiff having recovered judgment against an employé of defendant in the Municipal Court, and execution having been returned unsatisfied, plaintiff caused a transcript of the judgment to be docketed in New York county and obtained an order from the Supreme Court, as provided by Code Civ. Proc. § 1391, directing the sheriff to collect from defendant 10 per cent. of the debtor's salary. Defendant having refused to pay this amount, plaintiff, after a sufficient time had elapsed for accrual of enough to pay the same, sued defendant therefor in the Municipal Court. *Held*, that the action was one to collect the original judgment in the Municipal Court, and that that court had jurisdiction thereof.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

---

Appeal from Appellate Term, First Department.

Action by Max Keve against the Columbia Kid Hair Curlers Manufacturing Company. Appeal by permission from a determination of the Appellate Term, reversing a judgment of the Municipal Court and dismissing the complaint. Reversed, and judgment of the Municipal Court affirmed.

See, also, 143 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Harry Stackell, of New York City, for appellant.

McLAUGHLIN, J. An action was brought in the Municipal Court of the City of New York, where the plaintiff obtained a judgment against one Schwartz, upon which execution was issued and returned wholly unsatisfied. Plaintiff then obtained an order to examine Schwartz in proceedings supplementary to execution, and it was developed upon such examination that he was employed by the defendant corporation at a salary of $12 a week. Thereupon plaintiff caused a transcript of the judgment to be filed and docketed in the county of New York, and thereafter obtained an order in the Supreme Court, under section 1391 of the Code of Civil Procedure, directing the sheriff to collect from the defendant 10 per cent. of Schwartz's salary. This order was duly served, but defendant paid no attention to it. Plaintiff waited until 10 per cent. of the salary of the judgment debtor —if the same had been deducted as directed in the order—would have satisfied the judgment, and then brought this action in the Municipal Court of the City of New York to recover such amount. The defendant interposed an answer, in which it claimed the salary of Schwartz had, prior to the service of the order, been reduced from $12 to $10 a week. This was the issue tried and the jury rendered a verdict in favor of the plaintiff, upon which judgment was entered. An appeal was taken to the Appellate Term, where the judgment was reversed, on the ground that the Municipal Court did not have jurisdiction of the subject-matter of the action and dismissed the complaint. The judgment was reversed, and complaint dismissed on the authority of Weisel v. Old Dominion Steamship Co., 99 App. Div. 568, 91 N. Y. Supp. 140. That authority, as I read it, has no bearing whatever on the question here presented. It neither justified a reversal of the judgment nor a dismissal of the complaint. There, plaintiff sought, under section 1391 of the Code of Civil Procedure, to collect in the Municipal Court a judgment recovered in the Supreme Court. It was held that the Municipal Court did not have jurisdiction. This was right because the Municipal Court does not have jurisdiction of an action upon a judgment of the Supreme Court for the reason that its jurisdiction is extended only to an action upon a judgment rendered in any court, not being a court of record. Municipal Court Act (Laws of 1902, c. 580) § 1, subd. 6.

The judgment against Schwartz was recovered in the Municipal Court, and, when the defendant failed to withhold from his salary 10

per cent. as directed by the order of the Supreme Court, that gave the plaintiff the right to maintain an action—not in the Supreme Court, but in the Municipal Court—upon the judgment there rendered. The remedy provided for in section 1391 of the Code of Civil Procedure is intended to be in furtherance of the collection of the judgment when money available to satisfy the same is in the hands of a third party. The action is based upon the judgment and the execution issued thereon, and, as held in the Weisel Case, any other construction would defeat the purpose of the statute.

The determination of the Appellate Term is therefore reversed, with costs, and the judgment of the Municipal Court affirmed, with costs. All concur.