## KEVE v. COLUMBIA KID HAIR CURLERS MFG. CO.

(Supreme Court, Appellate Division, First Department.    February 20, 1914.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—EXECUTION—WAGES.

An application under Code Civ. Proc. § 1391, for an order of execution against wages, is not the institution of a special proceeding, and the only effect of an order granted pursuant to the section is that declared therein, and, the Legislature not having vested authority in the Municipal Court to enforce execution, the sole remedy on failure to comply with the execution is the action authorized by the section to recover the amount which should have been paid to apply thereon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

On reargument of appeal.    Former opinion reversed, and judgment of Municipal Court affirmed.

For former opinion, see 144 N. Y. Supp. 961.

See, also, 144 N. Y. Supp. 1123; 145 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harry Stackell, of New York City, for appellant.

Meyer D. Siegel, of New York City, for respondent.

PER CURIAM.    This case has been re-examined in the light of the argument made and brief submitted by counsel for the respondent, who was not before the court on the original hearing.

The opinion on the original hearing filed on the 31st day of December is in accord with the views of the members of the court who heard the reargument. We deem it necessary, however, to make a few observations in answer to one of the contentions made by counsel for respondent. The application for the order for an execution against wages pursuant to the provisions of section 1391 of the Code of Civil Procedure did not constitute the institution of a special proceeding as contended. The order was granted pursuant to the authority conferred by the statute; and the only effect of it is that declared by the statute. The Legislature did not vest authority in the court to enforce the execution. The sole remedy for the failure to comply with the execution is the action authorized by the statute to recover the amount which should have been paid to apply on the execution.

It follows that the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes