(85 Misc. Rep. 148)

LUTKINS v. LUTKINS.

(Supreme Court, Special Term, Albany County. April, 1914.)

1. EXECUTION (§ 403*)—ACTION IN AID OF EXECUTION—SUFFICIENCY.

Where the complaint in an action under Code Civ. Proc. § 1391, as amended in 1911 (Laws 1911, c. 489), to recover moneys payable pursuant to an order under an execution returned nulla bona requiring defendant to pay to the sheriff 10 per cent. of the wages of the judgment debtor, alleges that such order was duly made and entered, it is good under section 532, providing that in pleading a determination of a court of special jurisdiction it is not necessary to state the facts conferring jurisdiction, but is sufficient to state that the determination was duly made.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1131–1140; Dec. Dig. § 403.*]

2. EXECUTION (§ 403*)—ACTION IN AID OF EXECUTION—PRESENTATION OF OBJECTION—ANSWER—DEMURRER.

In an action in aid of execution, under Code Civ. Proc. § 1391, as amended in 1911 (Laws 1911, c. 489), an objection that the order on which the action rests did not contain sufficient allegations of fact to give the court jurisdiction to make it, must be raised by a denial contained in the answer, and not by a demurrer to the complaint for failure to allege that such order stated facts conferring jurisdiction.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1131–1140; Dec. Dig. § 403.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mary Lutkins against Theodore L. Lutkins. On demurrer to complaint for insufficiency. Overruled, with leave to answer.

See, also, 139 N. Y. Supp. 1132.

Brewster & Farries, of New York City, for plaintiff.

Arnold, Bender & Hinman, of Albany, for defendant.

CHESTER, J. The action is one brought under section 1391 of the Code of Civil Procedure to recover moneys which the defendant was directed to pay pursuant to an order of a justice of the Supreme Court under an execution against one Theodore L. Lutkins, Jr., which had been returned unsatisfied. The order required the defendant in this action to pay to the sheriff of New York county 10 per cent. of the wages of $25 per week of his employé, said Theodore L. Lutkins, Jr.

[1] The claim of the defendant is that the complaint is insufficient, because it fails to state that there were no other outstanding executions against such wages, prior to the one in question; for the section of the Code referred to, as amended in 1911, permits only one execution against wages to be satisfied at one time. Reliance is placed by the defendant upon the case of Rosenstock v. City of New York, 97 App. Div. 337, 89 N. Y. Supp. 948, affirmed 181 N. Y. 550, 74 N. E. 1125. That case, however, is fairly distinguishable from the one presented here, for so far as can be gathered from the opinion in that case there was no allegation there, as there is here, that the order of the justice of the court, directing the payment of a percentage of wages under the execution, was *duly* made and entered.

[2] Section 532 of the Code of Civil Procedure provides that, in pleading a judgment or other determination of the court, it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been *duly* given or made. It is a presumption, therefore, that the affidavit upon which the order was made contained sufficient allegations of fact to give the court jurisdiction to make it. If that was not done, the question must be raised by a denial contained in the answer.

The complaint here attacked alleges, as has been stated, that the order in question was duly made and entered. Because of the provisions of section 532, above referred to, this was a good pleading. Van Wie v. Delaware & Hudson Co., 71 Misc. Rep. 25, 127 N. Y. Supp. 184. The demurrer should therefore be overruled, with costs, with leave to the defendant to answer upon payment of such costs.

Demurrer overruled, with costs, with leave to defendant to answer upon payment of costs.