### MESTRUM v. CRANIDES.

(Supreme Court, Appellate Term, First Department. June 3, 1915.)

1. APPEAL AND ERROR ⊜⟹78—DECISIONS REVIEWABLE.

A judgment sustaining a demurrer and dismissing a complaint on the merits is a final judgment, from which an appeal may be taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. ⊜⟹78.]

2. COURTS ⊜⟹188—NEW YORK MUNICIPAL COURT—JURISDICTION.

Municipal Court Act (Laws 1902, c. 580) § 261, declares that a judgment of the Municipal Court, docketed with the county clerk, is deemed a judgment of the Supreme Court, and may be enforced as such, but nothing shall prevent the Municipal Court from vacating or setting it aside. *Held* that, while the Municipal Court does not have jurisdiction of an action on a judgment rendered in a court of record, it had jurisdiction of an action on its judgment so docketed; the docketing, while giving the judgment the effect of one of the Supreme Court, not changing the court in which it was rendered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ⊜⟹188.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Henry Mestrum against Charles Cranides. From an order sustaining defendant's demurrer to the complaint, plaintiff appeals. Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Charles A. Wilson, of New York City, for appellant.

Elias Rosenthal, of New York City, for respondent.

LEHMAN, J. The plaintiff herein sues in the Municipal Court upon a judgment obtained in that court and thereafter docketed in the office of the county clerk of the county of New York. The defendant demurred to the complaint, and the trial justice sustained the demurrer and dismissed the complaint on the merits.

[1] There can be no doubt that the so-called order adjudging that

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the action is dismissed upon the merits is a judgment, and that the plaintiff's practice in appealing therefrom is correct. The appellant does not upon this appeal question the power of the court to dismiss the complaint upon the merits, though there is serious doubt as to the power of the court to grant such a judgment in this case. See Carpenter v. Pirner, 52 Misc. Rep. 485, 102 N. Y. Supp. 461. We need, therefore, not pass upon this point on this appeal, but may properly confine ourselves to the question of law raised by the demurrer.

[2] The Municipal Court has jurisdiction in "an action upon a judgment rendered in any court not being a court of record," and the plaintiff contends that, even though he has filed a transcript and docketed the judgment in the office of the county clerk, the judgment heretofore rendered in the Municipal Court remains a judgment of that court. The learned trial justice, however, sustained the demurrer on the ground that under section 261 of the Municipal Court Act the judgment is now a judgment of the Supreme Court. That section provides that:

The "judgment is deemed a judgment of the Supreme Court and may be enforced accordingly. But nothing in this section shall be construed to prevent the Municipal Court from vacating, setting aside or modifying the judgment as hereinbefore provided."

There can, of course, be no question but that after the judgment of the Municipal Court has been duly docketed in the county clerk's office it may be enforced as if it were a judgment of the Supreme Court. The learned trial justice, however, has overlooked the fact that the Municipal Court Act gives to the Municipal Court jurisdiction of actions upon judgments *"rendered"* in any court not of record, and even though, after the filing of a transcript of a judgment of the Municipal Court in the county clerk's office, it is "deemed a judgment of the Supreme Court," yet it is not a judgment rendered in that court. This distinction is clearly pointed out in the opinion of Earl, J., in the case of Dieffenbach v. Roch, 112 N. Y. 622, 20 N. E. 560, 2 L. R. A. 829. In that case the Court of Appeals was called upon to construe section 380 and subdivision 7 of section 382 of the Code of Civil Procedure, which at that time read as follows:

Section 380: "The following actions must be commenced within the following periods after the cause of action has accrued."

Section 382, subd. 7: "An action upon a judgment rendered in a court not of record. * * * The cause of action in such a case is deemed to have accrued when final judgment was rendered."

It was there urged, just as in this case, that since section 3019 provides that after filing a transcript judgment of a justice of the peace "the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly," it ceases to be a judgment rendered in a court of record; but the court overruled this contention, stating:

"To sustain the contention of the plaintiff, it must be held that his judgment was *rendered*, within the meaning of the statute, in the County Court when it was docketed there. Such a meaning of the word 'rendered' is certainly not according to the common understanding. Ordinarily no one would understand that a judgment which had been recovered in a justice's court,

and subsequently docketed in the County Court, was in any sense rendered in the County Court, and there is no countenance for such a meaning to be found in any statute. The word 'rendered,' as applied to judgments, is many times used in the Code and other statutes, and always in the sense of judgments given by judicial action. * * * After a justice's judgment has been docketed in the county clerk's office, it becomes a mere statutory judgment of the County Court. It is not, in fact, a judgment of that court. There has been no judicial action there, and no judgment has been in fact entered or rendered."

While, of course, the case cited actually determined only the meaning of the word "rendered" as used in the statute of limitation, the reasoning is equally applicable to the interpretation of the same word as used in the Municipal Court Act. Moreover, it seems to me that in the case of Keve v. Columbia K. H. C. M. Co., 159 App. Div. 738, 144 N. Y. Supp. 961, the Appellate Division of this department decided that an action may be maintained in the Municipal Court upon a judgment of that court, even after a transcript has been filed in the county clerk's office.

Judgment reversed, with costs, and demurrer overruled, with $10 costs, with leave to defendant to withdraw his demurrer and answer within five days after service of a copy of this order entered hereon, upon payment of costs in this court and in the court below. All concur.