WALTER J. SALMON, Landlord, *v.* D. A. SCHULTE, INC., a New York Corporation, and Others, Tenants.

Municipal Court of New York, Borough of Manhattan, Ninth District, December 29, 1934.

*Bond & Babson* [*Walter H. Bond* of counsel], for the landlord.

*Jerome Eisner*, for the tenants.

McMAHON, J. Summary proceedings were instituted on September 20, 1934, to recover possession of a store and basement located in the building known as 503 Fifth avenue, on the northeast corner of Forty-second street and Fifth avenue, New York city, for the failure of the tenants to pay rent under a written lease for the month of September, 1934. Judgment for $3,000

rent due for September is also demanded. On September twenty-fifth the tenants filed a joint answer in which they set up fifteen alleged defenses and a counterclaim for $22,000.

On December first the landlord made a motion, under rule 109 of the Rules of Civil Practice, for an order striking out all of the said defenses and the counterclaim on the ground that the defenses are insufficient in law and the counterclaim does not state facts sufficient to constitute a cause of action.

Preliminary objections are urged by the tenants to this motion, *first*, on the ground that such a motion cannot be made in a summary proceeding, and, *second*, that it must be made in any event within ten days after service of the answer in accordance with the provisions of rule 109 of the Rules of Civil Practice. If it appears that the facts set forth in the answer are sufficient in law to constitute a defense or cause of action, the motion must be denied irrespective of the validity of the objections by the tenants. It is elementary that upon a motion of this kind the allegations of the pleading attacked must be accepted as true. The substance of these defenses is that some years prior to the date of the said lease, August 31, 1932, on several specific occasions, the building in which the leased premises were located had been altered while being occupied and used so as to change the character of the use and occupancy thereof, that more than thirty days had elapsed since the completion of said alterations, and that no certificate of occupancy had ever been issued by the superintendent of buildings or obtained by the landlord as required by the Building Code of the City of New York and the statutes in such cases made and provided. Since September 1, 1932, the tenants have occupied the said leased premises and paid rent therefor in accordance with the lease up to September 1, 1934.

The contention of the tenants now is that the landlord acted in violation of the law in leasing the said premises or any portion thereof without obtaining certificates of occupancy upon the completion of the previous alterations and that any lease made thereafter was illegal *ab initio* and could not be the basis for any action or proceeding for the enforcement thereof:

The law is well settled that any contract in violation of the statute or contrary to public policy is void and unenforcible for all purposes. (*Reiner* v. *North American Newspaper Alliance*, 259 N. Y. 250; *Hart* v. *City Theatres*, 215 id. 322; *Parthey* v. *Beyer*, 228 App. Div. 308.)

The first question presented on this motion is whether the alleged violations of law pleaded in the answer herein affecting the building in which the leased premises were located render this lease void and unenforcible. It has been held by the Supreme Court of this

department and also by the Appellate Term in two recent decisions involving leases made by these tenants, or some of them, covering other premises in this city, where similar defenses were interposed by the tenants to actions by the landlord, that such defenses were not sufficient as a matter of law.

In the case of *Minton* v. *Schulte, Inc.* (153 Misc. 195), a motion for a summary judgment made by the plaintiff landlord in an action to recover rent under the lease was granted. In the case of *Euclid Holding Company* v. *Schulte* the Appellate Term on December 20, 1934 (153 Misc. 832), reversed the decision of the Municipal Court (153 Misc. 455) sustaining these defenses and dismissing the petition and directed final order and judgment in favor of the landlord, approving *Minton* v. *Schulte* (*supra*). While the allegations of the defenses pleaded herein may not be identical with the facts passed upon by the courts in the two decisions mentioned, the legal principle is the same and is applicable to the defenses set forth in this proceeding.

" Nothing in the statutes here under consideration gives the defendant a right to use the alleged violations as a defense in an action for rent. It would be highly inequitable and unjust to permit the defendant to prevail and I will not permit the court to be placed in the position of lending its aid to further such a situation." (LAUER, J., in *Minton* v. *Schulte, Inc., supra.*)

If, therefore, these defenses are not sufficient as a matter of law, there is no valid reason why they should not be stricken out on motion of the landlord. It is true that summary proceedings are wholly statutory and the practice covering law actions in this court is not in all respects applicable to summary proceedings. But it would be futile and fatuous for this court to hold that a defense which has been held to be legally insufficient should not be stricken out on motion simply because it had been interposed in an answer in a summary proceeding. There has been no authority cited which requires such action and this court holds that such motion can be made in this proceeding.

With regard to the second objection that a motion should be made ten days after service of the answer, the language of rule 109 is, " Within ten days after the service of an answer, the plaintiff may serve a notice of motion." Under section 98 of the Civil Practice Act the court is given the right to extend the time in which any kind of a motion may be made unless the relief is specifically prohibited by statute.

" Relief under section 98, except in the cases mentioned in section 99, should only be denied in the case of inexcusable laches." (*Fiorella* v. *N. Y. Prot. Episcopal City Society Mission,* 217 App. Div. 510, 512.)

The reasons for the delay herein given upon the argument and memorandum submitted on this motion are sufficient to exonerate the landlord from " unreasonable laches." After the institution of the summary proceeding herein on September 20, 1934, the tenants made a motion in an action previously brought by them in the Supreme Court for an order enjoining the landlord from proceeding with the dispossess proceedings in the Municipal Court or, in the alternative, to consolidate the Municipal Court proceeding with the Supreme Court action. This motion was not decided until November 28, 1934, when it was denied in all respects by Mr. Justice McGeehan. On December first the present motion in this court was made.

The only remaining question is whether or not upon the granting of this motion permission should be given to the tenants to serve an amended answer. Under the law as established by the decisions of the courts previously cited, it would seem that the legal insufficiencies of the defenses herein could not be cured or corrected by any amendment. However, under the practice in the Municipal Court (Municipal Court Code, § 90, subd. 2), " If the court sustains an objection taken by a motion or answer upon the ground that the pleading is insufficient, the court must allow it to be amended; and as a condition thereof may impose costs."

This seems to be a mandatory requirement and has been so held. (*Carpenter* v. *Pirner*, 52 Misc. 485; *Bank of United States* v. *Frost*, 142 id. 589.)

Motion to strike out the defenses and counterclaims is granted, with leave to tenants, if they so desire, to serve an amended answer within five days after service of a copy of this order and the payment of ten dollars costs.