## In re KENNEY.

(Supreme Court, Appellate Division, First Department. February 21, 1913.)

ATTORNEY AND CLIENT (§ 44*)—DISBARMENT—GROUNDS.

It was ground for the disbarment of an attorney that he stole $30 from his client, a poor working girl, who by reason of her condition proved an easy victim of his rapacity.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Application by the New York County Lawyers' Association to discipline M. Francis Kenney, an attorney and counselor at law, for misconduct. Disbarment ordered.

See, also, 152 App. Div. 883, 136 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Mason Trowbridge, of New York City, for petitioner.

INGRAHAM, P. J. These charges were duly presented to the court on notice to the respondent. On the return day he failed to submit an answer, and the matter was subsequently referred to the official referee. Thereafter he appeared before the referee and filed an answer, admitting that he was a member of the bar, and alleging that he has no knowledge or information sufficient to form a belief as to the allegations in the petition and therefore denies the same. The allegation is that he stole $30 from a client, which had been intrusted to him in professional business. The testimony of petitioner's witnesses was taken before the referee when the proceedings were adjourned to enable the respondent to present his evidence. Upon the adjourned day he failed to appear, but the proceedings were again adjourned, notice given to the respondent, but again he failed to appear. Finally, after several adjournments, the reference was closed and the referee made his report.

After stating the facts, the referee says:

"The actual issue in controversy is: Whether succumbing to the importunity of $30 betrays such moral corruption as unfits the respondent for membership of an honorable profession."

To that question the referee answers in the affirmative, and says:

"Another sinister feature of the case is the helpless condition of the complainant. A poor working girl, she seemed to the respondent an easy victim of his rapacity. I find that the charge is sustained as set forth in the petition, and that the respondent is guilty in his office of attorney and counselor at law of malpractice and unprofessional conduct and should be disbarred."

The referee's report having been filed, the matter was brought on before the court on notice to the respondent, when he failed to appear. Subsequently the clerk of the court received a letter from the respondent, written on a railroad train, saying he wished an adjournment to submit his evidence in relation to the charges. This letter was dated January 8, 1913, since which time nothing has been heard from the respondent.

Under these circumstances, the testimony having been examined and amply sustaining the finding of the referee, nothing remains except to order the disbarment of the respondent. All concur.