Frank Dodge and another. No opinion. Judgment affirmed, with costs.

JOYCE v. WEBSTER. (Supreme Court, Appellate Division, First Department. June 20, 1913.) Action by Margaret Joyce against Henry J. Webster. No opinion. Motion denied, with $10 costs. Order filed. See, also, 141 N. Y. Supp. 1125.

JULIAMS v. CAREY PRINTING CO. (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by John Juliams against the Carey Printing Company. No opinion. Application denied, with $10 costs. Order signed.

KEEGAN, Respondent, v. LORD ELECTRIC CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Action by John H. Keegan, as administrator, etc., against the Lord Electric Company. No opinion. Motion denied, without costs.

KEEPSDRY CONST. CO. v. BARONOFF et al. (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by the Keepsdry Construction Company against Lippa Baronoff and another. No opinion. Application denied, with $10 costs. Order signed.

KELLUM v. CORR et al. (Supreme Court, Appellate Division, Second Department. June 10, 1913.) Action by Cornelia Kellum against Alice J. Corr and others, in which the Mission of the Immaculate Virgin appeals. No opinion. Motion to resettle order denied, without costs. See, also, 149 App. Div. 200, 133 N. Y. Supp. 784.

KEMPNER, Respondent, v. F. B. HAVILAND PUB. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 27, 1913.) Action by Milton Kempner against the F. B. Haviland Publishing Company. No opinion. Order affirmed, with $10 costs and disbursements.

In re KENNEY. (Supreme Court, Appellate Division, First Department. June 6, 1913.) In the matter of M. Francis Kenney. No opinion. Motion granted. Settle order on notice. See, also, 155 App. Div. 890, 140 N. Y. Supp. 314.

KERWIN, Appellant, v. LONG ISLAND R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 23, 1913.) Action by John W. Kerwin, an infant, by Catherine A. Kerwin, his guardian ad litem, against the Long Island Railroad Company.
PER CURIAM. The rope furnished by defendant for ordinary use upon its wagons for the purpose of securing the loads of said wagons was a part of the "plant," within the meaning of the statute. Lipstein v. The Provident Loan Association, 154 App. Div. 732, 139 N. Y.

Supp. 799. The action was therefore maintainable under the provisions of the Labor Law, as amended in 1910. The questions of assumption of risk or contributory negligence on the part of the plaintiff were primarily for the jury. Judgment reversed, and new trial granted, costs to abide the event.

KEVE v. COLUMBIA KID HAIR CURLERS MFG. CO. (Supreme Court, Appellate Term, First Department. June 24, 1913.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Max Keve against the Columbia Kid Hair Curlers Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed. Meyer D. Siegel, of New York City, for appellant. Harry Stackell, of New York City, for respondent.
PER CURIAM. Judgment reversed, with costs, and complaint dismissed, with costs, on the ground that the Municipal Court was without jurisdiction to entertain the action. Weisel v. Old Dominion Steamship Co., 99 App. Div. 568, 91 N. Y. Supp. 140.

KEVE v. COLUMBIA MFG. CO. (Supreme Court, Appellate Division, First Department. July 11, 1913.) Action by Max Keve against the Columbia Manufacturing Company. No opinion. Application granted. Order signed. See, also, 142 N. Y. Supp. 1125.

KEYTON v. UNIVERSAL MOTOR TRUCK CO. (Supreme Court, Appellate Division, First Department. July 11, 1913.) Action by George W. Keyton against the Universal Motor Truck Company. No opinion. Application denied, with $10 costs. Order signed.

KIDD, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Action by John Kidd, as executor, etc., of George W. Wait, deceased, against the New York Central & Hudson River Railroad Company.
PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event. On the issue of warning signals from defendant's train, the outside testimony of a large number of disinterested witnesses supports the affirmative evidence of the engineer and fireman. There was no substantial issue raised by negative testimony from observers in a position to hear and see, and who were attentive to the train's approach. Plaintiff's testimony was therefore overborne by that of defendant upon the vital issue of defendant's signals, and the want of care by plaintiff's testator in driving his motor car upon the crossing in front of the train. Hence the motion to set aside the verdict, as against the weight of evidence, should have been granted.

KIESEWETTER, Respondent, v. HILLIARD, Appellant. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Ac-