SWEET v. GENERAL ELECTRIC CO.   (No. 276–109.)

(Supreme Court, Appellate Division, Third Department.  November 11, 1914.)

MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—SAFE PLACE TO WORK
   —STATUTE.

    A ladder furnished by an employer for use by its employés in reaching
a platform where interior painting was being done, the spurs of which
ladder had been worn down so that they were not sufficient to keep the
foot from slipping, was a defect in the employer's plant for which it was
liable under the Labor Law.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207;
Dec. Dig. § 116.*]

Appeal from Trial Term, Schenectady County.

Action by George Sweet against the General Electric Company.
Judgment for plaintiff, and defendant appeals.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

James O. Carr, of Schenectady (John D. Miller, of Schenectady, of
counsel), for appellant.

Leary & Fullerton, of Saratoga Springs (James A. Leary, of Sara-
toga Springs, of counsel), for respondent.

WOODWARD, J.  This action, brought to recover damages for
personal injuries alleged to have been sustained by the plaintiff through
the negligence of the defendant, has resulted in a verdict of $2,000
in favor of the plaintiff.  It is brought under the provisions of the
Labor Law, as recently amended, and under the authorities it is not
to be doubted that the ladder furnished by the defendant was defective
as a part of the plant of the latter.  The plaintiff was engaged in do-
ing interior painting in one of the defendant's shops.  In doing this
work a platform had been erected, and ladders were used to reach the
platform.  Stepladders had been used, but these were taken away by
other painters to be used in another part of the plant.  One of plain-
tiff's fellow workmen asked the defendant's foreman for a ladder,
and one was produced from another part of the defendant's plant.
When placed for the purpose of permitting the plaintiff to ascend to
the platform, it slipped upon the smooth hardwood floor and fell,
causing the plaintiff's injuries.  The ladder had been equipped with
spurs at the foot to prevent slipping, but the evidence was such as to
justify the jury in finding that these spurs had worn down so that
they were not sufficient for the purpose for which they were designed,
and this, under the statute, is a defect in the defendant's plant for
which it is answerable.

No errors are pointed out in the record, and, the jury having found
in favor of the plaintiff, there is nothing remaining except for this
court to affirm the judgment.

The judgment and order appealed from should be affirmed.  All con-
cur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes