### MARTIN v. MATSON NAV. CO. et al.

(District Court, W. D. Washington, N. D.  July 16, 1917.)

#### No. 3377.

MASTER AND SERVANT ☞354—RIGHT OF ACTION FOR WRONGFUL DEATH—CONSTRUCTION OF WORKMEN'S COMPENSATION ACT—"PLANT."

Workmen's Compensation Act (Laws Wash. 1911, p. 345) § 5, as amended by Laws 1913, p. 467, after providing that injured workmen shall receive compensation in accordance with a schedule, provides that, "except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." Section 3 of the act contains a proviso that, "if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another, not in the same employ, the injured workman, or, if death results from the injury, his widow, children or dependents, * * * shall elect whether to take under this act or seek a remedy against such other." Plaintiff's son, on whom she was dependent, while in the employ of a boiler making company, was sent to make repairs on the machinery of defendant's steamer, and while so engaged was fatally injured, as alleged in the complaint, through the negligence of an employé of defendant. *Held* that, while the word "plant," as used in section 3 of the act, included, besides the premises of the employer, such appliances and tools as were regularly used in the conduct of the business, it could not be extended in favor of defendant to the vessel on which the deceased was working, where the injury was not due to any defect in such appliances or tools, that deceased was "away from the plant of his employer," and that the action could be maintained under Rem. & Bal. Code Wash. §§ 183, 194, giving a right of action for wrongful death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Plant.]

At Law.  Action by Louise Martin against the Matson Navigation Company, Miles R. Clarke, and Charles W. Snyder.  On demurrers to complaint.  Demurrer of defendant Snyder sustained.  Demurrer of defendant company overruled.

See, also, 239 Fed. 188.

Vanderveer & Cummings, of Seattle, Wash., for plaintiff.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for defendants Matson Nav. Co. and Snyder.

NETERER, District Judge.  The plaintiff, mother of and a dependent upon William Brown, brings this action against the defendant corporation and Miles R. Clarke and Charles W. Snyder, alleging that,

through the negligence of the defendants, William Brown on the 3d day of March, 1916, while—

"employed by said Standard Boiler Works in making said repairs on said steamship Hyades, * * * and while he was engaged in putting certain bolts in the base of the engine in said steamship Hyades, * * * and had crawled down underneath the engines, condenser, and hotwell, a device employed in condensing steam into water for use in the boilers of said steamship Hyades, and while so employed, the defendant Miles R. Clarke, negligently and carelessly opened the valve controlling the flow of water in said hotwell and condenser in such a manner as to cause the same to overflow and flood the place where the said William Brown was engaged at his work, * * * and horribly burn and scald the body of said William Brown in such a manner that as the result thereof said William Brown died on the 5th day of March, 1916, at Seattle, Washington."

It is further alleged that the engines, boiler, and hotwell were under the supervision and control of the defendants Clarke and Snyder, and that it was the duty of said Clarke and Snyder to warn Brown of the danger, and that the danger was unknown to him and was known to them.

The cause was removed to this court from the state court, and motion to remand was denied, because the liability of the defendant Matson Navigation Company is under the doctrine of respondeat superior, and not by reason of any concurrent or wrongful act of the defendant company, and that it is affirmatively stated in the complaint that the injury was caused "by the defendant Miles R. Clarke negligently and carelessly opening the valve controlling the flow of water in said hotwell and condenser in such a manner as to cause the same to overflow and flood the place where the said William Brown was engaged in his work, * * *" etc., and that it was an act of commission on the part of Clarke, a servant, which was the cause of the injury, and not an act of omission on the part of Snyder, a fellow servant of the person who committed the act, and that the defendant Snyder was not a proper party, and the record is conclusive that the defendant Clarke is a resident of California, upon whom no process had been served, and that there is a diversity of citizenship, and the right of removal therefore obtained as to the defendant company.

The defendant Snyder and the defendant company have filed separate demurrers challenging the sufficiency of the complaint. What was said by the court in denying the motion to remand is conclusive upon this issue, that the complaint does not state a cause of action against the defendant Snyder. The defendant company contends that no cause of action survives to the plaintiff by reason of section 5 of the Workmen's Compensation Act, as amended by chapter 148, Laws 1913, page 468, which provides:

"Each workman who shall be injured, whether upon the premises or at the plant, or, he being in the course of his employment, away from the plant of his employer, or his family or dependents in case of death of the workman, shall receive out of the accident fund compensation in accordance with the following schedule, and, except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever."

The contention is that the plaintiff's rights are concluded by the clause "except as in this act otherwise provided," and that the right of action accruing to the plaintiff under sections 183 and 194, Remington & Ballinger's Code of Washington, is determined by the Workmen's Compensation Act, and that she does not come within any exception, because the death of Brown occurred at the plant of his employer. The position of the defendant as stated in its brief, is as follows:

"To us it seems beyond dispute that a workman engaged in an employment classified as hazardous under the act [section 3] is not 'away from the plant of his employer' when he is at the place of work where his employer directs him to be, or where by virtue of the character of the work, he must be to perform the work. That place may not be upon the premises of his employer, but it is not 'away from the plant of his employer.' The word 'plant,' as used in the act, is broad enough in meaning to include every place where the employé must be to carry on the work of his employer."

Emphasis is placed upon Meese v. Northern Pacific Railway Co., 211 Fed. 254, 127 C. C. A. 622, decided by Judge Cushman, and it is insisted that is decisive of this case, and clearly determines that the terms "plant" and "premises" are not identical, and that it shows that the intent of the act was not to limit the application to real property boundaries. There can be no dispute as to the fact that "plant" and "premises" as used in the act are not synonymous. "Premises" clearly refer to place and territory, and "plant," I think, might be said to include place and territory, together with the appliances and things which go to make up the facilities for the execution of the designs and purposes of the enterprise. There are many things which go to make up a "plant" which are not necessary to complete "premises." A wire, a wrench, a file, a crowbar, a derrick, an elevator, engines, boilers, and all kinds of machinery and tools, etc., go to make up a "plant"; and these, when employed in a community sense, if that term may be applied to inanimate things, may be said to comprise the "plant." Work done upon a vessel might be done at the plant, but the fact that work on a vessel may be done at the plant I do not think would imply that all work done on a vessel could be construed to be performed at the plant. The stepladder employed in Lipstein v. Provident Loan Society, 154 App. Div. 732, 139 N. Y. Supp. 799, I think, was very properly held to be a part of the plant. It was a necessary implement to perform the work required, and the defect in the ladder, the cause of the injury, would come within the provisions of the Workmen's Compensation Act of New York (Consol. Laws, c. 31, §§ 200–204, as amended by Laws 1910, c. 352), which provides:

"By reason of any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the employer * * *"

—and justified the court in saying:

"Applying, therefore, the various tests above suggested, we conclude that anything (as distinguished from persons), animate or inanimate, and whether fixed or movable, that is regularly used in the conduct of the business of an employer, and that is neither ways, works, nor machinery, and without which, or something of a similar character, such business could not be carried on in the usual and ordinary manner, may be deemed to be a portion of the plant connected with such business."

And for the same reason, under the same act, in McKeon v. Proctor & Gamble Co., 162 App. Div. 784, 147 N. Y. Supp. 1012, "chain tongs" were properly held a part of the plant; and in Kerwin v. Long Island Co., 157 App. Div. 898, 142 N. Y. Supp. 1125:

"The rope furnished by defendant for ordinary use upon its wagons for the purpose of securing the loads of said wagons was a part of the 'plant' within the meaning of the statute."

And likewise in Drury v. American Fruit Co., 163 App. Div. 509, 148 N. Y. Supp. 675, a plank skid, consisting of planks fastened together by iron cleats, which extended from a store platform to the floor of a car, and used to carry barrels from the car to the platform, was held to be at the plant, and that case is on "all fours" with Meese v. Northern Pacific Railway Co., supra; and upon the same theory, and for the same reason, in Wiley v. Solvay Process Co., 215 N. Y. 584, 109 N. E. 606, Ann. Cas. 1917A, 314, injury was predicated upon defective appliances, in that the facilities to properly perform the work were not furnished, and by reason of the defective tools recovery was permitted under the Compensation Act, the court saying:

"The words used in the act of 1902, namely 'ways, works, and machinery,' did not include everything furnished to the employé for his use in the business of the employer. * * * The word 'plant' was added to that section by chapter 352 of the Laws of 1910. It cannot be reasonably doubted that the change was made for the benefit of the employés, and to make certain that everything reasonably required for the safety of an employé in the conduct of the master's business would be included in the statute, by the use of the word 'plant.' * * * The word 'plant' in its ordinary acceptation, when used in connection with and relating to a business, includes everything other than supplies and stock in trade necessary and requisite to the carrying on of the business."

And for the same reason, in Riddle v. Bessemer Soil Pipe Co., 170 Ala. 559, 54 South. 525, recovery was permitted under the Alabama Workmen's Compensation Act, because of omission of the employer to furnish the proper facilities for greasing a running belt to keep it from slipping.

The complaint in this case is that the deceased was injured while making repairs on the steamship Hyades at Pier 9, Seattle, Wash., and away from the plant of said Standard Boiler Works. For the purposes of the demurrer this statement is admitted, and, if the fact is otherwise, it must be presented by answer. If the injury causing the death of Brown had been occasioned by reason of defect in the tools and apparatus furnished and necessary for the execution of the work in which he was employed, there might be reason for contending that the "plant" accompanied the employé to the place where the facilities of the enterprise were to be employed, and that as between the employé and employer the Compensation Act would be conclusive. But no reasonable construction, it seems to me, can be placed upon the language employed by the Legislature and the general terms of the act, which determines that the "plant" accompanies an employé wherever he may go to perform services for his employer, as against a third party.