BARNARD KILGORE v. EDGAR E. HUDSON, a minor, by W. E. Hudson, his father and next friend.

4 So. (2nd) 865

En Banc

Opinion Filed December 2, 1941

*Dickenson & Dickenson,* for Plaintiff in Error;

*Ware & Krantzman & Paul Fusillo,* for Defendant in Error.

TERRELL, J.—Edgar E. Hudson, a minor, by his father, W. E. Hudson, brought an action against Barnard Kilgore to recover damages for personal injuries. The injuries were incurred while working at a mill belonging to Kilgore. At the conclusion of the testimony, a motion for instructed verdict on the part of the plaintiff was granted and writ of error was prosecuted.

The third and fourth questions raise the point that the plaintiff was a trespasser on the premises of the defendant at the time he was injured and that his employment was procured through the fraudulent and unauthorized conduct of his father.

Defendant in error contends that there is nothing in the record to support this contention but the question appears to have been raised and there is some evidence in support of it. For this reason, it was error to direct a verdict. The defendant had a right to tender this defense and if proven, it was a bar to recovery.

We think the cause should be reversed and a new trial awarded. There seems to have been a misconception as to the manner of formulating the issues and the rights of the parties in a case of this kind. The statute brought in question, was designed to limit the employment of minors in various industries for which the employer is subject to prosecution but when the minor attempts to recover damages for personal injuries, he comes into court on the same terms as other litigants when the question of fraud and unauthorized conduct is involved. When this is the case, the pleadings are framed and the issues are made up and the trial had under the same rules and regulations as in any other case.

In this holding, we are not unmindful of what we said on a similar statute in J. Ray Arnold Lumber Corp. v. Richardson, 105 Fla. 204, 141 So. 133, and cases of like import. Here we have a different state of facts. The defendant contends that he was fraudulently imposed on and we know of no law or condition that bars such a defense when timely tendered and proven.

Reversed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.