91 So.2d 320 (1956)
Max AUGUSTINE, Appellant,
v.
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, a New York corporation, Appellee.
Supreme Court of Florida. Special Division A.
December 12, 1956.
*322 Dubbin, Blatt & Schiff, Miami, and Leonard Pepper, Tallahassee, for appellant.
S.O. Carson and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee.
THORNAL, Justice.
Appellant Augustine, who was plaintiff below, seeks reversal of a final judgment entered pursuant to an order sustaining a motion to dismiss his second amended complaint.
The point to be determined is whether the specification of damages was sufficient to sustain the complaint against a motion to dismiss.
Appellant Augustine is a dentist. By his complaint he alleged an oral contract with appellee telephone company for the installation of telephone service in his office. A part of the alleged contract for services was the listing of appellant's name and telephone number in the directory to be furnished by the telephone company. It is alleged that in the August, 1954 directory the defendant-appellee negligently and incorrectly listed an erroneous number for appellant's office. It is further alleged that "as a direct result of defendant's incorrect listing, plaintiff has lost many patients in his practice of dentistry and his business has been greatly diminished * * *." It is further alleged that as a result of the error, during the period from August, 1954 through January, 1955, appellant suffered a loss of gross income in the amount of $4,784 as contrasted to the period between August, 1953 and January, 1954. Plaintiff-appellant alleges further that he "also lost many patients permanently as well as during the six months period referred to" in the complaint. The complaint concludes with a claim for damages in the amount of $10,000.
The appellee telephone company assaulted the complaint by a motion to dismiss, contending that there was a failure to state a claim upon which relief could be granted and further that the complaint fails to specify with sufficient particularity the special damages resulting to the appellant because of the alleged incorrect listing and breach of contract.
The motion to dismiss was sustained, the appellant declined to plead further and judgment for the telephone company appellee was thereupon entered. Reversal of this judgment is now sought.
Appellant Augustine contends that the allegations of his complaint were adequate to sustain the same as against a motion to dismiss.
The appellee telephone company contends that under applicable rules it is necessary to plead special damages and that the allegations of damages in the complaint are insufficient to meet the requirements of the rule.
Our decision turns on the question of the proper method of attacking the allegations of a complaint with reference to damages. 30 F.S.A. Rule 1.9(g), Florida Rules of Civil Procedure reads:
"(g) Special Damage. When items of special damage are claimed, they shall be specifically stated."
We must measure the instant complaint by the requirements of the quoted rule and decide whether the motion to dismiss was the proper method of raising the question presented to the trial court. An examination of the complaint reveals that the appellant relies upon an alleged breach of an oral contract. He claims damages which not only necessarily resulted from the breach but were such as would reasonably be expected to flow therefrom by virtue of the relationship between the parties and *323 the particular services which the appellee agreed to render.
Prior to the adoption of our new Rules of Civil Procedure, effective January 1, 1950, the proper method of attacking a declaration which alleged improper elements of damages or insufficiently alleged proper elements of damages was by a motion to strike or a motion for compulsory amendment or appropriate objections to testimony at the trial. Jones v. Central Nat. Bank & Trust Co., 110 Fla. 262, 148 So. 765; Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 So. 820; Arnold Lbr. Corp. of Olustee v. Richardson, 105 Fla. 204, 141 So. 133. In the cases cited this Court held that the measure of damages was not the subject of a general demurrer which was the predecessor of the motion to dismiss under our new Rules of Pleading and Practice.
One of the basic purposes of a motion to dismiss is to test the over-all sufficiency of the complaint to state a claim upon which relief can be granted. Rule 1.11(b), Florida Rules of Civil Procedure. In Tom Lee, Inc., v. Pacific Telephone & Telegraph Co., 154 Or. 272, 59 P.2d 683, it was held that a complaint by a customer against a telephone company for an erroneous listing in a telephone directory was sufficient against a demurrer if it set forth a basis for the recovery of nominal damages even though the complaint failed to allege adequately the basis for recovery of so-called special damages. Special damages are considered to be the natural but not the necessary result of an alleged wrong or breach of contract. In other words, they are such damages as do not follow by implication of law merely upon proof of the breach. On the other hand, general damages are those which the law presumes actually and necessarily result from the alleged breach or wrong. Erick Bowman Remedy Co. v. Jensen Salsbery Lab., 8 Cir., 17 F.2d 255, 52 A.L.R. 1187; Atlanta & St. A.B. Ry. Co. v. Thomas, 60 Fla. 412, 53 So. 510; 9 Fla.Jur. 458, Damages, Sec. 126.
On the liability of a telephone company for failure to list a customer's name in its directory or for an error in the listing see Masterson v. Chesapeake & Potomac Telephone Co., 55 App.D.C. 23, 299 F. 890; and 86 C.J.S., Telegraphs, Telephones, Radio and Television, § 265, p. 272.
Under the new Rules of Civil Procedure the motion for a more definite statement has for all practical purposes taken the place of our former motion for compulsory amendment. Rule 1.11(e), Florida Rules of Civil Procedure. In Stork v. Townsend, D.C., 1 F.R.D. 390, a motion for a bill of particulars was considered to be the appropriate method of attacking inadequate claims for special damages.
Applying these rules to the situation before us we are of the view that if the complaint states a claim upon which at least nominal damages may be awarded, then a motion to dismiss such a complaint should not be sustained. If the claims for damages are inadequate or indefinite and it is the desire of the defendant to have a more specific allegation, he can obtain the desired relief by a motion for a more definite statement. If, as here, claim for special damages is sufficient to notify the defendant of the nature of the special damages claimed, the complaint if otherwise sufficient should be sustained against a motion to dismiss. Under our liberal rules of pleading, the defendant is at liberty to obtain specific details, either by interrogatories or by pre-trial deposition if he does not elect to obtain a more definite statement. If the depositions reveal a maximum potential recovery below the jurisdictional limits of the trial court, then other appropriate procedural remedies are available to the defendant.
We are not here intending to hold that under the allegation of loss of gross profits the appellant in this case has *324 adequately laid the basis for introducing evidence as to the loss of particular patients or net profits. The burden remains upon him to allege and prove the loss of net profits as distinguished from gross profits. He must also establish by satisfactory evidence that such loss resulted from the alleged breach of contract by the appellee. The burden likewise remains with the appellant to establish by clear and competent evidence the alleged temporary and permanent loss of patients, tracing such loss to the alleged breach of contract. Such evidence cannot be nebulous or speculative. Atlanta & St. A.B. Ry. Co. v. Thomas, supra. The particular patients lost must be revealed by competent proof. A motion for a more definite statement would have been appropriate. A motion to dismiss was not. We have commented on the burden remaining with the appellant as a guide to the subsequent disposition of this cause when the parties go back before the trial judge. We are not presently concerned with the problems appellant might face if and when he undertakes to prove his case.
Appellee relies for affirmance on Byers v. Southern Bell Tel. & Tel. Co., Fla. 1954, 73 So.2d 875, a case which we affirmed without opinion. We have examined the original record in the case cited and find that it does not control the case at bar. There, the trial judge sustained a motion to dismiss the complaint for failure to state a cause of action. The decision of the lower court was grounded on the proposition that from the allegations of the complaint it was impossible to determine whether the cause alleged was for breach of contract or commission of a tort. The trial judge there further pointed out that the complaint itself revealed that the damages alleged were either non-recoverable or else on the face of the complaint were shown to be too remote and speculative even if proved. Such is not the situation now before us.
The sustaining of a motion to dismiss the complaint was error. The judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.
DREW, C.J., HOBSON, J., and BIRD, Associate Justice, concur.