PER CURIAM.
Petitioner seeks the issuance of a writ of certiorari to an order of the Florida Industrial Commission which vacated an order of its Deputy Commissioner in a workmen’s compensation proceeding. The Deputy Commissioner found that petitioner was not the employer of respondent. The Commission reversed this order on the ground that there was sufficient substantial evidence for holding that respondent was the employer of petitioner. We have examined the record and briefs of counsel and are of the opinion that, while there is evidence in the record from which the Commission could conclude as it did, nevertheless, there is also in the record sufficient competent substantial evidence to sustain the findings of the Deputy Commissioner.
Therefore, the findings of the Deputy Commissioner must be affirmed in accordance with the long-established rule in this state that the Deputy Commissioner is the sole trier of the facts in a workmen’s compensation claim proceeding, whose findings should be upheld unless there is no competent substantial evidence which accords with reason and logic to sustain them. United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741. See also another recent opinion involving the pulpwood industry, Lindsey v. Willis, Fla.App., 101 So.2d 422.
It is therefore ordered that the writ of certiorari be issued and the order of the Commission be quashed. The cause is remanded for the entry of an order reinstating the order of the Deputy Commissioner.
It is so ordered.
STURGIS, C. J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.