ALLEN, Acting Chief Judge.
This is an appeal from a final summary judgment in a negligence action, in favor of the defendant and dismissing the case on the ground of the contributory negligence of the plaintiff. The appellant was the plaintiff below and the appellee was the defendant below.
The complaint alleged that the minor son of the plaintiff, R. B. Durden, while driving a motor scooter in a southerly direction on Reynolds Road, at or near its intersection with the old Winter Haven Highway, was struck and killed by a Dodge driven by the defendant, Ray Cornelius Caulkins, when said defendant made a left hand turn in front of the said oncoming motor scooter operated by the said minor son of the plaintiff.
The defendant, Caulkins, admitted in his deposition that on the day- of the accident there was good- visibility; that he was traveling in a northerly direction on Reynolds Road; that the motor scooter driven by plaintiff’s son was traveling in a southerly direction on Reynolds Road; that the motor scooter had the right-of-way; and that the defendant turned left onto the path of the oncoming motor scooter.
The defendant, 'for a third defense, claimed that the plaintiff was contributorily negligent for allowing his minor son to operate a motor vehicle and would be barred from recovery regardless of whether or not the defendant was negligent and regardless of whether or not the minor son was contributorily negligent.
The defendant made a motion for summary judgment based on the above third defense and on the interrogatories and depositions. The circuit judge entered such summary judgment and held that the plaintiff was guilty of contributory negligence as a matter of law and entered final judgment in favor of the defendant. During oral argument before this court the attorneys for each of the parties stated that they had not been able to find a single case in the United States directly on point as to this case.
The appellee seeks to have this court adopt the rule which has been held applicable in cases involving suits by minors who had been employed in violation of the positive inhibition of such statutes enjoining the use of children in certain- employments. These statutes usually make the employment of a child ipso facto the approximate cause of any injury sustained by the child and, therefore, the contributory negligence of the child cannot be shown.
The Third District Court of Appeal of Florida, in an opinion by Wiggington, Associate Judge, in the case of Tamiami Gun Shop v. Klein, 109 So.2d 189, 190, affirmed an order of the Circuit Court of Dade County where one of the errors assigned related to the trial court’s order striking the *41 defense of contributory negligence or assumption of risk interposed by the defendant. The complaint was based on a retail dealer’s sale of firearms to a minor in derogation of the laws of Florida, and the ordinances of the City of Miami. In its opinion, the court said:
“We are of the view that this question has been settled by the Supreme Court of Florida in the Tampa Shipbuilding and Engineering Corporation case. (Tampa Shipbuilding & Engineering Corp. v. Adams, 132 Fla. 419, 181 So. 403, 893.) That suit was brought to recover damages for the death of a minor which occurred in the course of his employment by the shipbuilding company. The statute then in effect prohibited the employment of minors in business establishments such as the one owned by defendant without first obtaining employment certificates as required by law. Defendant interposed a plea of contributory negligence to which the trial court sustained a demurrer. In affirming, our Supreme Court quoted with approval from its prior decision in J. Ray Arnold Lumber Corp. of Olustee v. Richardson (105 Fla. 204, 141 So. 133) and held that the defendant was guilty of negligence per se by its act in employing, permitting or suffering the child to work in violation of the positive inhibition of the statute. The employment of the child ipso facto in derogation of the statute is in law considered the proximate cause of the death of the boy, and not the contributory negligence as stated in the plea and stricken by the lower court.”
The plaintiff-appellant submits the following question:
“Is a father contributorily negligent, as a matter of law, and therefore barred from any, recovery in a wrongful death action for the death of his minor son,, who was killed while operating a motor scooter, without the Court considering the negligence of the defendant whose automobile collided with the motor scooter and without considering the absence of negligence, on the part of the minor son, but based solely on the issue that the said father allowed his said son to operate a motor vehicle without a license, even though the said son was only one month under the licensing age?”
The Minor Employment Acts, F.S.A. § 450.01 et seq., are for the protection of children and where a child is injured while working in prohibitive industries, or in industries where age is a factor, the fact that the child was under age at the time has been deemed the proximate cause of the accident. We do not believe that the humane philosophy back of the minor employment cases should be employed to aid a defendant guilty of negligence in a traffic case which resulted in a minor’s death, and without fault on the part of the minor.
This State has consistently held that a violation of the motor vehicle law does not make a violator per se negligent. See Allen v. Hooper, 126 Fla. 458, 171 So. 513; Bessett v. Hackett, Fla.1953, 66 So.2d 694. See also, Goldner v. Lentin, Fla.App., 96 So.2d 553, another minor case, decided Aug. 2, 1957, by the Third District Court of Appeal of Florida.
It is stated in 137 A.L.R. 476 as follows:
“It seems that the mere fact that the driving of an automobile without a license is forbidden by law is not enough, per se, to render liable- for any injurious consequences one who' permits an unlicensed person to operate his car. This' is in line with the general rule, discussed in annotation in 16 A.L.R. 1117; 35 A.L.R. 68; 38 A.L.R. 1038; 43 A.L.R. 1153; 54 A.L.R. 381; 58 A.L.R. 533; 61 A.L.R. 1191; 78 A.L.R. 1031; 87 A.L.R. 1473; and 111 A.L.R. 1266, that the operator of a car is not chargeable fo-r injury or damage caused in its operation upon *42 the ground merely that he had no license to operate it, where this fact has no causal connection with the injury or damage.”
This case must he reversed for further action not inconsistent with this opinion.
Reversed.
SHANNON, J., and SANDLER, HARRY N., Associate Judge, concur.