WIGGINTON, Chief Judge.
We are petitioned to review by certiorari an order of the Florida Industrial Commission which reversed a compensation order of its deputy commissioner and remanded the cause for further proceedings. The deputy’s compensation order was reversed with respect to the conclusion of law reached by him in which he concluded that upon the facts found by him the claimant’s employer at the time of his injury was St. Joe Paper Company. The deputy’s findings of fact, all of which are supported by competent substantial evidence, were not disturbed by the Full Commission.
The Nickelson case[1] heretofore decided by this court involved a Workmen’s Compensation claim by a pulpwood cutter under circumstances similar to the case now being reviewed. In Nickelson the deputy commissioner made extensive findings of fact with respect to the employer-employee relationship which existed between the claimant Nickelson, his pulpwood producer and St. Joe Paper Company. Based upon his findings of fact in the Nickelson case, the deputy commissioner applied the rules of law pronounced by this court in the Lindsey case,[2] and correctly concluded that the claimant’s employer was not St. Joe Paper Company, but was his producer, H. T. Cotton. On review the Full Commission reversed the deputy’s conclusion of law and erroneously held that St. Joe Paper Company was claimant’s employer. This court granted certiorari and quashed the Full Commission’s order by reversal and reinstated the order of the deputy.
In the case now under review the deputy commissioner likewise made extensive findings of fact with respect to the employer-employee relationship which existed between the claimant Perry, his producer and St. Joe Paper Company. The record reveals that each of the deputy’s findings of fact are supported by competent substantial evidence. Contrary to his ruling in Nickel-son, the deputy here concluded as a matter of law that Perry was the employee of St. Joe Paper Company. The legal conclusion is directly contrary to the conclusion of law reached by the same deputy in Nickelson on facts which in all material respects are substantially identical, and is contrary to the *79 law which governs the establishment of an employer-employee relationship as stated by this court in Lindsey.
On review by the Full Commission, which followed this court’s ruling in Nickelson, the Commission held that the deputy had applied an incorrect rule of law to the facts found by him in concluding that St. Joe Paper Company was claimant’s employer. The deputy’s order was reversed and the cause remanded with directions that the deputy make a determination as to the identity of the claimant’s employer in order that the award of compensation may be enforced against the person properly responsible therefor. We emphasize that the deputy commissioner’s findings of fact in this case, all of which are supported by competent substantial evidence, have not been disturbed by the Full Commission. Indeed, under the rule in the United States Casualty Co. case [3] such would not be permitted. It is, however, not only the prerogative but the duty of the Full Commission to reverse an order of its deputy if the deputy has applied to the facts an incorrect principle of law. We, therefore, hold that the Full Commission was eminently correct in entering its order of reversal, which order will not be disturbed.
In all deference to the action of the deputy commissioner in this case it must be pointed out that his original holding in Nickelson to the effect that St. Joe Paper Company was not the claimant’s employer was thereafter reversed by the Industrial Commission, who held under the facts in that case that St. Joe Paper Company was the claimant’s employer. It was while the Full Commission’s order of reversal was in effect, and before it was quashed by this court on certiorari, that the deputy was called upon to enter his compensation order in this case. His legal conclusion that St. Joe Paper Company was not the claimant’s employer in Nickelson having been reversed by the Full Commission, the deputy bowed to the Commission’s ruling and upon substantially identical facts found in this case that St. Joe Paper Company was the claimant’s employer. It was not until after the deputy had entered the compensation order in this case that this court considered and quashed the Full Commission’s order of reversal in Nickelson and reinstated the deputy’s order. It was after our decision in Nickelson that the case now under review was considered by the Full Commission. On its review the Full Commission respected this court’s opinion in Nickelson and accordingly had no alternative but to reverse the deputy's order which had reached a legal conclusion contrary to the one originally reached by him in Nickelson.
The order of the Full Commission is affirmed and certiorari denied.
STURGIS, J., concurs.
CARROLL, DONALD K., J., dissents.

. St. Joe Paper Company v. Nickelson, Fla.App.1959, 108 So.2d 626.

. Lindsey v. Willis, Fla.App.1958, 101 So. 2d 422.

. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.