CARROLL, DONALD K., Judge
(dissenting).
I cannot agree with the majority for the reason that I am of the opinion that there is sufficient competent, substantial evidence in the record to support the deputy commissioner’s finding of fact that the respondent St. Joe Paper Company was the claimant’s employer. Under the unquestioned and long-recognized doctrine of United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741, in Florida a deputy commissioner in a workmen’s compensation claim proceeding is the sole trier of the facts, and his findings of fact, if supported by competent, substantial evidence, must be affirmed by the Florida Industrial Commission and an appellate court, neither of which has any authority to substitute its findings of fact for those of the deputy commissioner or to disturb his findings of fact. This is the doctrine which we expressly invoked and applied in St. Joe Paper *80 Company v. Nickelson, Fla.1959, 108 So.2d 626, when we upheld the deputy commissioner’s finding that the St. Joe Paper Company was not the employer of a claimant for the stated reason that there was in the record competent, substantial evidence to sustain such finding of fact. We did not, of course, hold in the Nickelson case Qr in any case that the last-named company or any other pulp mill was not as a matter of law the employer of a pulpwood cutter. This court and the Commission lack the power to re-determine the facts.
The question as to who was the employer of the claimant at the time of his injury in the present proceeding is a question of fact for the determination of the trier of the facts, the deputy commissioner. See J. Ray Arnold Lumber Corporation of Olustee v. Richardson, 1932, 105 Fla. 204, 141 So. 133, a jury case in which the Florida Supreme Court held that it was a question of fact for the jury’s determination as to who was the employer of an injured employee at the time of his injury. I see no reason why this should not be true when a deputy commissioner is the trier of facts instead of a jury.
In its order the Commission said: “We have closely examined the instant Order of the Deputy Commissioner and it appears that the Deputy’s conclusion is not supported by his findings of fact.” This apparently is the basic ground for the Commission’s vacation of the deputy’s order. It may well be true that the deputy’s conclusion as to the employer is not supported by his other findings of fact in his order, but there is no legal requirement that the findings of a deputy commissioner must be consistent with each other, and certainly none that a deputy’s finding as to the employer must be supported by other findings of fact in his order. The Commission and an appellate court, in reviewing a finding of fact by a deputy commissioner, must look to the evidence in the record — not to his other findings of fact to see if there is sufficient support for his finding of fact as to the employer.
The Commission’s order cannot, in my view, be sustained by using the test of whether the deputy has applied to the facts an incorrect principle of law, a test sometimes invoked by a reviewing body which has no fact-trying authority, as a justification for entering the province of another person or body with exclusive fact-finding powers, such as a deputy commissioner or a petit jury. In my opinion, that test, in quintessence, is nothing more than a restatement of the “competent, substantial evidence rule” recognized and applied in the Maryland Casualty case and countless other Florida cases. In other words, we cannot consistently say here that the deputy applied to the facts an incorrect principle of law, if we hold that there was sufficient competent, substantial evidence in the record from which the deputy could lawfully conclude as he did regarding the identity of the claimant’s employer.
Being of the opinion, then, that in the instant proceeding there is competent substantial evidence in the record to support the deputy commissioner’s finding as to the employer, I think we have no legal alternative to issuing the writ of certiorari, quashing the Commission’s order, and remanding the cause with instructions to reinstate and affirm the deputy commissioner’s order.