CARROLL, DONALD, K., Judge.
The plaintiffs in an action on an employers’ liability insurance policy have appealed from a final summary judgment entered in favor of the defendant by the Circuit Court for Duval County.
The basic question presented for our determination in this appeal is whether the defendant was required by the terms of the said policy to defend the plaintiffs in personal injury actions brought against them by two of their employees, particularly in view of the policy provision quoted immediately below.
In the provision in question the defendant agreed:
“To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto.”
In the final summary judgment appealed from herein, the court correctly stated that the state designated in Item 3 is Iowa and, therefore, only operations in Iowa or “operations necesssary or incidental thereto” are covered, and held as a matter of law that the operation involved in the case at bar “was not an operation necessary or incidental to any operation being conducted in Iowa,” and so no coverage was afforded by the insurance policy. Therefore, the court held that there was no genuine issue of a material fact and that the defendant was entitled to a judgement as a matter of law.
*82 The evidence before the court on the defendant’s motion for a summary judgment established the following basic facts:
The plaintiffs are painting contractors doing business a a partnership known as the Meyer Brothers, using their homes in Dubuque, Iowa, as their principal offices. The operation which resulted in the injuries to their two employees was pursuant to a contract which the plaintiffs had made with the American Oil Company to paint four storage tanks in Jacksonville, Florida.
The plaintiffs, working “out of Du-buque,” began their painting business in 1959, painting houses and churches. By 1961, however, they had acquired sufficient equipment to solicit work from oil companies, and they did painting for the Ameri-man Oil Company and many other well-known oil companies in such states as Michigan, Illinois, and Minnesota, as well as Iowa. Some of the oil company jobs were performed in Iowa, but other jobs required the plaintiffs to send crews to locations in other states.
By the time the plaintiffs were awarded the contract in question to paint the storage tanks at the American Oil Company’s Jacksonville terminal, 30 to 40% of the plaintiffs Iowa-based business consisted of doing work for those oil companies. These jobs were good advertising for their business, served as references for additional work, and provided the plaintiffs with funds with which to purchase equipment for the expansion of their business.
The contract to paint the said storage tanks was made in the same fashion as previous jobs: the plaintiffs received by mail the pertinent specifications for the job, together with an invitation to bid; their bid was then submitted to American Oil’s office in Chicago and accepted there, and a formal written agreement was consequently executed. The plaintiffs signed the contract in Dubuque, Iowa, and American Oil signed it in Chicago. After the contract was executed, a foreman for the plaintiffs, accompanied by two painters, transported the painting equipment by truck from Dubuque to Jacksonville, and the work began. The performance of the contract was supervised by the said foreman and the plaintiffs, although the latter remained in Dubuque. As with all jobs, t.he payroll was made up in Dubuque, and checks were mailed from Dubuque to the men in the field.
During the progress of the work under the said contract, the two painters hired by the plaintiffs fell from a scaffold and received personal injuries. They brought actions for their injuries against the plaintiffs who requested the defendant to undertake the defense of these actions in accordance with the above-described policy, but the defendant refused to do so, as aforesaid.
We cannot agree with the Circuit Court’s holding that the said operation in Jacksonville was not “necessary or incidental to any operation being conducted in Iowa.” On the contrary, we feel that it would be more nearly accurate to say that the said Jacksonville operation was an integral and typical part of the plaintiffs’ Iowa operations and incidental to, if not necessary to, the plaintiffs’ said operations. Such a question, under our rules, should have been submitted to the jury for its determination, instead of ruling on the question through this summary judgment procedure.
In an analogous situation the Supreme Court of Florida in J. Ray Arnold Lumber Corp. v. Richardson, 105 Fla. 204, 141 So. 133 (1932), held that the question whether a child, injured while procuring a supply of raw material for a sawmill, was working “in connection with” the sawmill, was a question for the determination of the jury. The Supreme Court said:
“In the case now before the court, the work on which plaintiff is shown to have been employed, and permitted or suffered to engage in, was the procurement of a supply of raw material for the operation of defendant’s sawmill. That work of that kind is to be construed as work “in connection with” any mill is fully sus *83 tained by the authorities, although such work was not actually done in the mill itself or within the curtilage thereof. The best that can be said of the proposition is that is was a question for the jury to determine under all the facts and circumstances shown in evidence, and the record shows that the court in this case did submit the question to the jury under appropriate instructions.”
For the foregoing reasons the final summary judgment appealed from herein should be and it is reversed and the cause is remanded with instructions for further proceedings consistent with t.he views above set forth.
Reversed and remanded.
WIGGINTON, C. J., and SPECTOR, J., concur.