## SEGAL v HORWITZ BROS etc.

Ohio Appeals, 1st Dist, Hamilton Co

No 3284. Decided Feb 4, 1929

LeBlond, Morrissey & Terry, Cincinnati, for Segal.

Bates, Stewart & Skirvin, Cincinnati, for Horwitz Bros.

**ROSS, J.**

If goods are sold, by one who knows them to be stolen, to an innocent purchaser, the vendor must be presumed to intend the natural and logical consequences of his own acts, and, in our opinion the arrest, prosecution, indictment, and trial of a vendee in possession of stolen goods under such circumstances is a natural and logical consequence of the sale to such vendee of stolen goods. The fact that the vendor knows the the vendee to be wholly innocent will not prevent prosecution of the vendee. A prosecution by the owner of the goods is a natural result to be anticipated by the vendor of stolen goods. Such owner in most cases could not be held to respond in damages for such a prosecution, because it would not be difficult under such circumstances, as in the instant case, to show probable cause.

Adopting the definition of proximate cause, set out in the brief of counsel for plaintiff in error, wherein they quote from Moge v. The Society, 167 Mass, 298, - "a direct and proximate cause is the active and efficient cause that sets in motion a train of events which brings about a result, without the intervention of any force started and working actively from a new and independent source" - we think the facts in the case at bar fit the definition. The sale of the stolen goods set in motion a train of events. The prosecution by the State was a logical result and a perfectly natural result. The owner's affidavit or information to the State was but an incident, not an intervening force started and working actively from a new and independent source.

Proximate cause has been defined in this State too often to again define it. **Railway Co. v Hebler, 91 Ohio St. 241.**

In the case at bar the injuries and damage to plaintiff could not have occurred had it not been that the stolen goods were placed in his hands by the defendant.

In conclusion we think that one who viciously and wholly in disregard of the rights of an innocent purchaser sells merchandise, which he knows to be stolen, cannot be heard to say that the arrest and prosecution with incident costs and expenses are not the natural and logical result of such sale; or that the prosecution by the state is an intervening cause not to be anticipated.

The judgment of the court of common pleas will be reversed, and the cause remanded for further proceedings according to law.

Hamilton, PJ and Cushing, J, concur.