390

Elmer H. Groefsema, of Detroit, Mich., and Daniel I. Rosenthal, of Dayton, Ohio, for plaintiff.

T. A. Billingsley, of Greenville, Ohio, and I. L. Holderman, of Dayton, Ohio, for defendants.

NEVIN, District Judge.

On January 27, 1940, plaintiff, a citizen of the State of Michigan, filed his complaint herein against defendants. Plaintiff prays for damages in the sum of $4,322.70. This total sum is made up of a number of items designated in the complaint alphabetically from (a) to (p), inclusive. Plaintiff alleges that because of fraud, misrepresentations, deceit and breach of warranty, and as a direct and natural result thereof he has sustained the damages set forth in the amounts alleged in the respective items referred to, totalling, as indicated, $4,322.-70.

On February 23, 1940, defendants filed a motion wherein they move to strike from paragraph 13 of the complaint the certain items of damages as in the motion set forth. The items are referred to in the motion carrying the same alphabetical designation as in the complaint.

The cause is now before the court on the motion just referred to. Briefs have been submitted by counsel for the respective parties in support of and contra the motion. It is agreed in the briefs that the measure of damages herein is controlled by subsections (6) and (7) of Section 8449 of the General Code of Ohio, which has reference to "Breach of warranty."

Upon a consideration of the briefs and arguments of counsel, the facts as alleged in the complaint, and the applicable law, the court finds:

■ 1. That so much of the motion as refers to item (c) thereof (and in the complaint) is not well taken, and that it should be, and it is, overruled.

In their brief counsel for defendants (p. 2) say as to this item: "The particular objection we make is due to the long lapse of time before complaint is made." While it is true that it appears from the complaint that plaintiff purchased the stallion in question on the 26th day of August, 1936, it further appears (without denial at this time) that plaintiff did not discover the alleged misrepresentations and false and untrue warranties until on or about March 18, 1939, after which time he followed certain procedure (according to the complaint) as laid down by the by-laws of the Belgian Draft Horse Corporation of America.

In support of their contention as to this item defendants cite Lewistown Foundry & Machine Co. v. Hartford Stone Co., 92 Ohio St. 76, 110 N.E. 515, emphasizing particularly the language of the court in its opinion on page 85 of 92 Ohio St., 110 N.E. 515.

This court is of the opinion that the facts in the Hartford Stone case are so dissimilar from those alleged in the complaint in the instant case as to make it readily distinguishable and not controlling or persuasive here.

2. As to so much of the motion as is contained in items (e), (f), (g), (h), (i), (j), (k), (l), (m) and (n), the court finds that as to each item the motion is well taken, and that it should be, and it is, sustained. The court is of opinion that these are not proper elements of special damage.

In support of his claim that these are proper elements of special damage plaintiff cites Segal v. Horwitz Bros., 32 Ohio App. 1, 167 N.E. 406. Here again the court is of opinion that the facts as they existed in the Segal case, as set forth in the decision just referred to, and those in the instant case, as alleged in the complaint, are so dissimilar as to make the cases easily distinguishable and to such an extent as that the Segal case is not persuasive here.

3. As to so much of the motion as is contained in items (o) and (p) thereof the court finds that the present motion to strike is not well taken, and that it should be, and it is, overruled as to each of said items. Barrett Co. v. Panther Rubber Mfg. Co., 1 Cir., 24 F.2d 329.

Again the court is of opinion that the case of Thompson & McDonald v. Miser, 82 Ohio St. 289, 92 N.E. 420, 19 Ann.Cas. 871, cited by defendants is so distinguishable upon the facts from the instant case as that it is not authoritative here.

Referring to these items (o and p) and particularly to the last item (p) defendants in their brief (p. 4) state that they especially complain as to them because "The plaintiff lives at Saginaw, Michigan. From this complaint there would be no possible chance for the defendants in this case to prepare to meet this item, for the reason that we do not know where the owners of these mares lived—whether they were in the state of Michigan, or maybe in the neighboring nation of Canada; and under all the case law, we are entitled to a sufficiently definite explanation of the special damages so that we may be prepared to meet them when the time comes for trial upon the merits."

The court is of opinion that there is some merit in this complaint or claim upon the part of defendants. The court, therefore, will consider the present motion to strike insofar as it applies to items (o) and (p)

also as a motion for a bill of particulars as if the same had been filed under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C. A. following section 723c, and as such the court will sustain the motion and plaintiff is ordered to file a bill of particulars setting forth definitely when and where and on whose account he sustained damage "by reason of loss of business, as horse breeder in neighborhood and vicinity" (as alleged in item (o)) and also to set forth the owners of mares whom he was required to pay and when and in what sums constituting the damages which he alleges he suffered because of payment made "to owners of mares brought by neighbors to be bred by said stallion" as alleged in paragraph (p).

Plaintiff will furnish such bill of particulars in accordance with the time fixed in Rule 12(e) of the Rules of Civil Procedure. Defendants time within which to file an answer or other pleading may be extended until 20 days after such a bill of particulars has been filed.

Counsel may prepare and submit an order in accordance with the rulings of the court as herein set forth.